# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **BEST FOOT FORWARD CORP,** ) <br> d/b/a Best Foot Forward Corporation ) <br> **Podiatric Specialists,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **DOUGLAS K. BASSO,** ) <br> **BASSO FAMILY, LLC,** ) <br> **AUBREE BASSO, and** ) <br> **LAURA ERICKSON,** ) <br> ) <br> Defendants. ) | Case Number _____ <br> Division Number _____ |

## VERIFIED COMPLAINT

**COMES NOW** plaintiff Best Foot Forward Corp., d/b/a Best Foot Forward Corporation Podiatric Specialists ("BFF"), by and through its attorneys, and for its causes of action against defendants, states as follows:

### Parties, Jurisdiction and Venue

1. BFF is a corporation organized and existing pursuant to the laws of the state of Delaware, authorized to conduct business in Missouri, and has its principal place of business located at 1455 US Highway 61 S, Suite A, Festus, Missouri 63028.

2. Defendant Douglas K. Basso ("Basso") is an individual resident of the state of Illinois, residing at 4105 Endicott Ct., Belleville, Illinois 66226.

3. Defendant Basso Family LLC ("Basso Family LLC") is a limited liability company organized and existing pursuant to the laws of the state of Missouri, with its principal place of business located at 2821 North Ballas Road, Suite C15, St. Louis, Missouri 63131. The sole member of Basso Family LLC is Basso, an an individual resident of the state of Illinois.

4. Defendant Aubree Basso ("Aubree Basso") is an individual resident of the state of Illinois and the spouse of Basso, residing at 4105 Endicott Ct., Belleville, Illinois 66226.

5. Defendant Laura Erickson ("Erickson") is an individual resident of the state of Illinois, residing at 609 Devonshire Dr., Belleville, Illinois 66226.

6. Jurisdiction exists in this Court pursuant to 28 U.S.C. §1332 in that there is diversity of citizenship between BFF and all of the defendants and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000). Jurisdiction also exists in this Court due to the principles of pendant jurisdiction.

7. Personal jurisdiction over defendants exist in this Court in that defendants (i) transacted business within the state of Missouri; (ii) entered into an express or implied contract, by mail or otherwise, with a resident of the state of Missouri to be performed in whole or in part by either party in such state; and (iii) commission of a tortious act within the state of Missouri.

### Allegations Common to All Counts

8. On or about November 23, 2022, BFF entered into an Employment Agreement with Basso ("Employment Agreement"), a copy of which is attached as *Exhibit 1*, providing for the employment by BFF of Basso to provide podiatric medical services on behalf of BFF for its patients.

9. On or about September 16, 2023, Basso informed BFF that he was terminating his employment by BFF, with a proposed effective date of October 15, 2023. A copy of his resignation letter, and the email by which it was sent, is attached as *Exhibit 2*.

10. Prior to entering into the Employment Agreement with BFF, Basso had formed Basso Family LLC on April 22, 2022, for the purpose of his practice of podiatry in the Kansas

2

City, Missouri area. A copy of that entity's articles of organization are attached hereto as *Exhibit 3*.

11. Unbeknownst to BFF, approximately four (4) months prior to Basso giving his notice to BFF of his intent to terminate his employment by BFF, Basso changed the registered agent and office for Basso Family LLC to himself at 2821 North Ballas Road, Suite C15, St. Louis, Missouri 63131, which BFF has now just learned is where Basso intends to operate his own podiatric practice. A copy of that change of registered agent and office is attached hereto as *Exhibit 4*.

12. BFF was also informed that Erickson, an employee of BFF providing medical assistant services for Basso's provision of services for BFF, was also going to be leaving the employment of BFF so as to work for Basso in his new practice.

13. On or about September 18, 2023, BFF became aware that Basso and Aubree Basso were contacting BFF's patients and soliciting them to leave BFF and follow Basso to a new practice Basso was establishing.

14. BFF also has acquired information that Erickson was purposely delaying obtaining authorizations for surgeries Basso was to conduct on BFF patients until Basso left BFF's employ so that the authorizations could be secured under Basso Family LLC and the proceeds from which would be retained by Basso Family LLC and Basso.

15. Upon BFF learning of these wrongful actions, BFF immediately terminated Basso's employment and that of Erickson as well on September 19, 2023. Attached hereto as *Exhibit 5* is the notice of Basso's termination served upon him.

16. Upon the termination of Basso and Erickson, both were to leave the BFF premises immediately and leave all BFF property as well, and was told that all of their personal property would be gathered and returned to them. Despite that direction, Basso took a laptop owned by BFF, which BFF reasonably believed was for the purpose of accessing and taking confidential and proprietary BFF information, including patient lists, and other such information.

17. Further, after both Basso and Erickson was terminated, BFF has obtained information that they both tried to access one of BFF's offices to retrieve personal property, and BFF believes to further seek to access and take confidential and proprietary BFF information, including patient lists, and other such information. They were thwarted in this attempt by BFF's timely changing of the locks at the office Basso and Erickson tried to wrongfully enter. Attached hereto as *Exhibit 6* is a text from Erickson sent on September 19, 2023, which confirms those wrongful actions.

18. Upon information and belief, on or about September 21, 2023, Erickson has made a false review posting on the Better Business Bureau website, using the pseudonym of "Betsy D," a copy of which is attached as *Exhibit 7*.

19. BFF has confirmed multiple instances of wrongful solicitations of BFF's patients as of the time of filing hereof.

20. Basso's Employment Agreement contains an express non-compete restriction ("CNC") at §12 thereof. It states in pertinent part:

    a. For a period of one (1) year after the termination of this Agreement for any reason, PHYSICIAN shall not, directly or indirectly, individually or as an officer, director, shareholder, employee, consultant or agent of any corporation, partnership or firm, association, or other corporation engage in podiatric medical practice or provide such medical services at any location

      within a eight (8) mile radius of any Hospital or Office at which PHYSICIAN provided services on behalf of CORPORATION, where PHYSICIAN provided at least 100 hours of service over the 12 months prior to termination, nor during the Term and for a period one (1) year after expiration or termination, may PHYSICIAN enter into either an employment relationship or independent contractor relationship to provide podiatric medical services, including administrative services for any hospital or health care system at a site within eight (8) miles of any Hospital or Office at which PHYSICIAN provided services on behalf of CORPORATION, where PHYSICIAN provided at least 100 hours of service over the 12 months prior to termination.

    b.    For a period of one (1) year after the termination of this Agreement for any reason, PHYSICIAN shall not, directly or indirectly, individually or as an officer, director, shareholder, employer, consultant or agent of any corporation, partnership or firm, association, or other corporation, provide podiatric medical services to any patient of Corporation or solicit any such patient to provide such services, or solicit or induce such patients to limit or terminate their professional relationship with CORPORATION. For purposes of this sub-section (b), a patient of the CORPORATION shall be defined as any patient seen by PHYSICIAN during his employment, or any patient to whom services were provided at any time prior to the termination of this Agreement.

    c.    PHYSICIAN shall not, directly or indirectly, in any manner, disclose or divulge to any third party, or use for his/her own benefit or for the benefit of any third person, confidential information of CORPORATION, including, but not limited to, CORPORATION's confidential methods of operation, pricing policies, marketing strategies, trade secrets, knowledge, techniques, data and other information about CORPORATION's operations and business of a confidential nature (collectively, the "Confidential Information"), unless CORPORATION consents in writing to the disclosure or use, or unless PHYSICIAN is under a clear duty to make such disclosure or use and CORPORATION informs PHYSICIAN of such duty prior to any disclosure or use.

21.    The location of Basso Family LLC is within eight (8) miles of BFF's office located at 8790 Watson Road, Suite 103, St. Louis, Missouri 63119. As such, Basso is prohibited for a period of one (1) year after the termination of his employment from providing podiatric medical

5

services at such location. He is further prohibited from providing podiatric medical services within an eight (8) mile radius of any of BFF's other offices.

22. Further, while employed by BFF, Basso provided podiatric medical services on behalf of BFF at the following hospitals, and as such he is prohibited for a period of one (1) year after the termination of his employment from providing podiatric medical services at any location within an eight (8) mile radius of any of such locations: St. Joseph's Hospital Highland (12866 Troxler Ave., Highland, Illinois 62249) and Twin Cities Surgery Center (1101 W. Gannon Drive, Festus, Missouri 63028).

23. Pursuant to the CNC, Basso is prohibited for a period of one (1) year after the termination of his employment from providing podiatric services to any BFF patient, or from soliciting any such patient to limit or terminate their relationship with BFF.

24. Pursuant to the CNC, Basso is prohibited from taking and/or using BFF's confidential and proprietary information, trade secrets, means and methods.

25. Pursuant to subparagraph e of the CNC, Basso has agreed that BFF has the right, "without the requirement of a bond, to an immediate injunction enjoining [Basso's] breach of the covenants contained in this Section 12. In the event that any litigation or judicial proceeding is necessary to enforce the provisions of this Section 12, and [BFF] is the prevailing party in such a proceeding, then [BFF] shall have the right to receive from [Basso] its attorneys' fees, costs and expenses."

26. In the Employment Agreement, at subparagraph g of §12, Basso agreed and acknowledged that "the scope of the non-compete and non-solicitation covenants herein are no greater than is required for the legitimate business protection of [BFF]; that the covenants do not

6

and will not impose an undue hardship on [Basso]; and the covenants are not injurious to the public."

## Count I
## Injunctive Relief

**COMES NOW** BFF, by and through its attorneys, and for Count I of its causes of action against Basso, Basso Family LLC, Aubree Basso and Erickson, jointly and severally, states and alleges as follows:

27. BFF incorporates by this reference as if fully set forth in this Count each and all of the allegations contained in paragraphs 1 through 26 hereof, inclusive.

28. As shown herein by specific verified facts, BFF has immediate and irreparable injury, loss and damage which will result in the absence of relief sought hereby.

29. The CNC protects a legitimate protectable interest and is reasonable as to the time duration and the space (radius) of the restriction. *See **Osage Glass, Inc. v. Donovan***, 693 S.W.2d 71, 74 (Mo. banc 1985); ***Jefferson City Med. Grp., P.C. v. Brummett***, 665 S.W.3d 380 (Mo. Ct. App. 2023). The need to enforce Basso's contractual obligations outweighs any public policy regarding restricting a physician's work. *See **Willman v. Beheler***, 499 S.W.2d 770 (Mo. 1973).

30. Without the intervention of this Honorable Court, Basso, Basso Family LLC, Aubree Basso and Erickson will or may continue to:

   a. Solicit or attempt to solicit BFF's patients to limit or leave their relationship with BFF, including but not limited to for the express purpose of Basso and Basso Family LLC providing podiatric medical services for them;

  b. Provide podiatric medical services within eight (8) miles of any BFF office or any hospital at which Basso provided services on behalf of BFF; and

  c. Take, use and/or disclose confidential and proprietary information belonging to BFF without BFF's consent.

31. BFF is without an adequate remedy at law and, therefore, is entitled to an injunction, both temporary and permanent, restraining Basso, Basso Family LLC, Aubree Basso and Erickson from the aforesaid conduct.

32. Due to the nature and particular facts of this action, including Basso's express contractual agreement in this regard, BFF should not be required to post any bond; but if it is required to post a bond, it should be a nominal amount.

**WHEREFORE**, for Count I, BFF respectfully prays for this Court's order for temporary and permanent relief as follows:

a) For a temporary restraining order, without bond, making such provisions as set forth in this Count;

b) For an order requiring Basso, Basso Family LLC, Aubree Basso and Erickson to appear before this Court and to show cause why a temporary injunction should not be issued to enjoin such defendants as described herein and to issue its temporary injunction to that end;

c) For a permanent injunction to enjoin and restrain Basso, Basso Family LLC, Aubree Basso and Erickson as described herein;

d) For an award of all damages incurred by BFF for the conduct of Basso, Basso Family LLC, Aubree Basso and Erickson, jointly and severally;

e)  For an award of BFF's costs incurred in this action, including its attorney fees; and

f)  For such other and further relief as to this Court seems meet and just.

## Count II
### Action Pursuant to Missouri Uniform Trade Secrets Act

**COMES NOW** BFF**,** by and through its attorneys, and for Count II of its causes of action against Basso, Basso Family LLC, Aubree Basso and Erickson, jointly and severally, states and alleges as follows:

33. BFF incorporates by this reference as if fully set forth in this Count each and all of the allegations contained in paragraphs 1 through 32 hereof, inclusive.

34. Without the intervention of this Honorable Court, Staver may continue to use and/or disclose some or all of the confidential and proprietary information belonging to BFF, constituting misappropriation under the Missouri Uniform Trade Secrets Act, RSMo § 417.450, *et seq*. ("MUTSA").

35. Because of the actions of Basso, Basso Family LLC, Aubree Basso and Erickson as described herein, BFF has a good faith reason to believe that its business interests are being compromised by Basso, Basso Family LLC, Aubree Basso and Erickson.

36. BFF is without an adequate remedy at law and, therefore, is entitled to an injunction, both temporary and permanent, restraining Basso, Basso Family LLC, Aubree Basso and Erickson from misappropriating, as that term is defined in the MUTSA, any of BFF's Trade Secrets.

37. Due to the nature and particular facts of this action, BFF should not be required to post any bond.

38. Pursuant to the MUTSA, Basso, Basso Family LLC, Aubree Basso and Erickson, jointly and severally, should be ordered to pay all damages incurred by BFF resulting from their misappropriation of BFF's Trade Secrets.

39. Pursuant to the MUTSA, Basso, Basso Family LLC, Aubree Basso and Erickson, jointly and severally, should be ordered to pay all of BFF's costs and attorney fees incurred herein.

**WHEREFORE**, for Count II, BFF respectfully prays for this Court's order for temporary and permanent relief as follows:

a) For a temporary restraining order, without bond, making such provisions as set forth in this Count;

b) For an order requiring Basso, Basso Family LLC, Aubree Basso and Erickson to appear before this Court and to show cause why a temporary injunction should not be issued to enjoin such defendant as described herein and to issue its temporary injunction to that end;

c) For a permanent injunction to enjoin and restrain Basso, Basso Family LLC, Aubree Basso and Erickson as described herein;

d) For an award of all damages incurred by BFF for the misappropriation of its Trade Secrets by Basso, Basso Family LLC, Aubree Basso and Erickson, jointly and severally;

e) For an award of BFF's costs incurred in this action, including its attorney fees and expenses; and

f) For such other and further relief as to this Court seems meet and just.

### Count III
### Breach of Contract

**COMES NOW** BFF and for Count III of its petition against Basso states:

40.     BFF hereby reiterates and incorporates by this reference as if fully set forth in this Count each and all of the allegations contained in paragraphs 1 through 39 hereof, inclusive.

41.     BFF has fully and satisfactorily fulfilled all of its duties and obligations under the Employment Agreement, including but not limited to the CNC.

42.     Basso has breached the Employment Agreement as described herein.

43.     As a direct result of the breaches by Basso, BFF has been damaged in an amount as yet to be determined, but believed to exceed Seventy-Five Thousand Dollars ($75,000).

**WHEREFORE**, for Count III, BFF respectfully prays prays for judgment against Basso for its actual damages in an an amount as yet to be determined, but believed to exceed Seventy-Five Thousand Dollars ($75,000); for prejudgment and post-judgment interest; for its attorney fees incurred herein; for the costs of this action; and for such other and further relief as to the Court deems meet and just.

### Count IV
### Tortious Interference

**COMES NOW** BFF, by and through his attorneys, and for Count IV of its causes of action against Basso, Basso Family LLC, Aubree Basso and Erickson, jointly and severally, states and alleges as follows:

44.     BFF incorporates by this reference as if fully set forth in this Count each and all of the allegations contained in paragraphs 1 through 43 hereof, inclusive.

11

45. BFF has a business relationship with its patients with the probability of economic benefit to it.

46. Basso, Basso Family LLC, Aubree Basso and Erickson have knowledge of those relationships.

47. That except for the intentional malicious conduct of Basso, Basso Family LLC, Aubree Basso and Erickson, BFF is reasonably certain to continue those relationships and realize economic benefit.

48. That as a result of the misconduct of Basso, Basso Family LLC, Aubree Basso and Erickson, BFF has been damaged in an amount yet to be determined, but reasonably believed to exceed Seventy-Five Thousand Dollars ($75,000).

49. Basso, Basso Family LLC, Aubree Basso and Erickson intentionally interfered with BFFe's business relationships and expectancies, without justification or excuse, and was motivated by either an evil motive to harm BFF or with reckless disregard to BFF's rights.

**WHEREFORE**, for Count IV, BFF prays for judgment against Basso, Basso Family LLC, Aubree Basso and Erickson, jointly and severally, for its actual damages in an amount yet undetermined but reasonably believed to exceed Seventy-Five Thousand Dollars ($75,000); for punitive damages, for the costs incurred herein; and for such other and further relief as to the Court deems meet and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, BFF hereby makes its demand for a trial by jury of all claims in this action triable to a jury.

Respectfully submitted,

**MURPHY LAW**

By  s/ Mark D. Murphy
   **MARK D. MURPHY**, #33698 (MO)
   mmurphy@MurphyLaw.co
   10801 Mastin Street, Suite 790
   Overland Park, Kansas 66210-1776
   (913) 600-7900
   Fax (913) 600-7823

Attorneys for Plaintiff Best Foot Forward Corp, d/b/a Best Foot Forward Corporation Pediatric Specialists

## VERIFICATION

STATE OF ~~MISSOURI~~ Illinois ) 
) ss.
ST. ~~LOUIS~~ Clair COUNTY )

    Laura L. Frerking, being of lawful age, and first duly sworn upon oath, states that she is the CMA Administrator of Best Foot Forward Corp. d/b/a Best Foot Forward Corporation Pediatric Specialists, the plaintiff in this action, that she has read the foregoing Complaint and knows the contents thereof, and that all statements therein made are true.

_____
**Laura L. Frerking**

Subscribed and sworn to before me this __3__ day of October 2023.

_____
Notary Public

My Commission Expires:

__June 29, 2026__

ANGELA T WATSON
Official Seal
Notary Public - State of Illinois
My Commission Expires Jun 29, 2026

14